### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

UNITED STATES OF AMERICA,      :
                                 :

v.                                       :

                                 :     Case No.: 7:22-CR-0009 (WLS-TQL)

                                 :

MAURICE ANTWON JOHNSON,   :

                                 :

                                 :

      Defendant.              :

_____:

## ORDER

On December 1, 2022, this Court Ordered (Doc. 27) the Parties to confer and inform the Court no later than Monday, December 19, 2022, whether any matters required a hearing or further briefing or whether the case was ready to proceed to trial. Counsel for the Government and Defendant filed their Responses (Docs. 28 & 29) on December 19, 2022. Although Defense Counsel stated in Defendant's Response that "[a] motion to continue the case is necessary" (Doc. 28 at 1), Defense Counsel did not specifically request a continuance.[1] Therefore, on December 20, 2022, the Court Ordered (Doc. 30) Defense Counsel to file a formal Motion to Continue if a continuance is necessary or desired by Defendant (Doc. 30).

On December 27, 2022, Defense Counsel filed Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 31) ("Motion to Continue") in which Defendant requests the trial of this case be continued from its currently scheduled position on the Court's Valdosta February 2023 trial calendar, and that the Speedy Trial Act deadline for the trial in this matter imposed by 18 U.S.C. § 3161 be extended to the completion of that trial term.[2]

Pursuant to the Motion to Continue an extension of time is necessary for Defense Counsel to further investigate Defendant's numerous prior convictions going back to 1999.

---

[1] Government's Response merely stated that it concurred in Defendant's report on the current status of the case.

[2] Defense Counsel does not specify a period of time for the continuance, but counsel is aware that the Court's practice is to continue criminal trials to the end of the Court's next regularly scheduled trial term, which in this case is May 2023.

Further investigation is necessary, before meaningful negotiations can take place, as Defendant could potentially be classified as a Career Offender through the application of the United States Sentencing Guidelines. Defense Counsel states he needs time to research the particulars of Defendant's situation, as there is pending litigation in federal courts in Georgia and elsewhere that may impact that determination. Having a fuller understanding of the status of the jurisprudence on this fluid issue is critical to Defendant's ability to make an informed decision about how to proceed with this case. Defense Counsel further represents that the Government's Counsel does not object to a continuance.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the motion to continue (Doc. 31) is **GRANTED**. The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division May 2023 term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of December, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**